985 F.2d 549
 Edward L. HARRIS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3357.
 United States Court of Appeals,
Federal Circuit.
 Feb. 9, 1993.
 
 Edward L. Harris, pro se.
 Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Terrence S. Hartman, Attorney, Commercial Litigation Branch, Dept. of Justice, Washington, DC, submitted for respondent. Of counsel were James Green, Acting Gen. Counsel and Barbara J. Matthews-Beck, Attorney, Office of Personnel Management, Washington, DC.
 Before NIES, Chief Judge, LOURIE and CLEVENGER, Circuit Judges.
 NIES, Chief Judge.
 
 
 1
 Edward L. Harris appeals the final decision of the Merit Systems Protection Board (MSPB or the Board), MSPB No. AT0831910870I-1, affirming on February 27, 1992, the determination of the Office of Personnel Management (OPM) that he elected to provide a survivor annuity for his spouse which election is irrevocable under the Civil Service Retirement System Spouse Equity Act. 53 M.S.P.R. 177. We affirm.
 
 I.
 
 2
 Harris retired from federal service in May 1968. Although he was married at the time, he elected to receive a retirement annuity payable only during his lifetime. He and his first wife divorced in 1984. Harris married his second wife, Creola, on September 17, 1988, and subsequently notified OPM. After some correspondence not of record, OPM sent Harris an application form for electing a survivor annuity for his new spouse. The form, OPM RI 20-63, provides a means for applicants to declare their election of survivor annuity benefits, as well as to choose the amount of the annuity and a method of paying any required deposit.
 
 
 3
 Harris signed and returned the election form on July 18, 1989, writing in the specific amount of $182 per month, which conformed with information on an attached notice. However, he did not designate on the form how he wished to pay the required deposit. Specifically, he failed to mark one of the three boxes providing available options: pay the deposit as a lump sum, deduct a portion of the deposit from his current annuity payments, or deduct a portion of the deposit beginning two years after his marriage date. Noting this omission, OPM requested that Harris choose a method of payment but, apparently, received no response.
 
 
 4
 OPM then advised Harris that it had approved his election of survivor annuity benefits, that he was required to deposit $1,534.20, and, if the deposit were not made, OPM would begin deducting 25 percent of his annuity on the second anniversary of his marriage until the amount was collected. Harris responded that he could not afford the deposit and that he wished to "stay the way I am." OPM informed Harris that because it had received a valid election of benefits for his spouse, he could not change or cancel his election under the Spouse Equity Act. Following further correspondence, OPM issued a reconsideration decision again denying Harris' request to cancel his election.
 
 
 5
 Harris subsequently filed an appeal with the Board. Following a telephonic hearing, the administrative judge (AJ) affirmed OPM's decision. The AJ rejected Harris' arguments that he was unaware of the deposit requirement when he sent in the form and that his election was invalid because he did not select a method of deposit. The full Board denied Harris' petition for review.
 
 II.
 
 6
 We review the Board's decision under 5 U.S.C. § 7703(c) (1988), affirming it unless it is found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. In his appeal, Harris contends only that his failure to select a deposit payment option on the application form prevented him from making an effective election of a survivor annuity. This issue causes us to consider the relationship between an election of survivor annuity benefits and the choice of a payment option.
 
 
 7
 Turning first to the statute itself, we note there is no provision mandating the choice of a deposit payment option as part of a valid election of survivor annuity benefits. The statute instead requires merely that a "signed writing" manifest an annuitant's election. 5 U.S.C. § 8339(j)(5)(C)(i) (1988). When considering elections of survivor annuity benefits, the Board has correctly recognized that "the statutory provision does not require annuitants to use any particular form." Lemp v. Office of Personnel Management, 26 M.S.P.R. 549, 551-52 (1985).
 
 
 8
 The one-page application form provided by OPM, RI 20-63, succinctly states: "I elect a reduced annuity to provide a survivor annuity for my spouse named above and I agree to pay any deposit required for the election." We have no difficulty concluding that, when Harris signed this form, he manifested an unmistakable intent to elect, and did elect, survivor annuity benefits for his new spouse, Creola.
 
 
 9
 Harris' failure to choose how he wished to pay the required deposit does not negate his election. The selection of a deposit payment scheme is not a condition precedent to election of survivor annuity benefits; these two choices are instead independent. Indeed, Harris could well have elected survivor annuity benefits through a letter, memorandum, or other signed writing that did not mention deposit payments at all. See Lemp, 26 M.S.P.R. at 529. The choice of a deposit payment scheme simply has no bearing upon whether a valid election of survivor annuity benefits was made. We, therefore, conclude that OPM's determination that Harris made a valid election of survivor annuity benefits was in accordance with law, procedurally proper, and supported by substantial evidence. The decision of the Board is affirmed.
 
 
 10
 AFFIRMED.